**COLE SCHOTZ P.C.**
A Professional Corporation
Court Plaza North
25 Main Street, P.O. Box 800
Hackensack, New Jersey 07602-0800
201-489-3000
201-489-1536 Facsimile
Attorneys for Plaintiff, Master Pools Cooperative Guild, Inc.

**RUTAN & TUCKER, LLP**
*Pro Hac Vice Application Pending*
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:    (714) 641-5100
Facsimile:    (714) 546-9035
Attorneys for Plaintiff, Master Pools Cooperative Guild, Inc.

| | |
|---|---|
| MASTER POOLS COOPERATIVE GUILD, INC.,<br><br>                      Plaintiff,<br>    v.<br><br>MASTER POOL & SPA, LLC; AND JOHN DOES 1-10,<br><br>                 Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CIVIL ACTION NO.<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

      Plaintiff Master Pools Cooperative Guild, Inc. ("Master Pools Guild" or "Plaintiff"), by their attorneys, Cole Schotz P.C., complaining against defendants Master Pool & Spa, LLC and Does 1-10 ("Defendants"), allege as follows:

<u>INTRODUCTION</u>

      1.      This is an action for trademark infringement and other claims arising from Defendants' unlawful marketing and sale of swimming pools and swimming pool construction services in the United States.  Plaintiff seeks injunctive relief, damages, attorneys' fees, and costs against Defendants for federal and state trademark and service mark infringement under 15 U.S.C. section 1114(1)(a) and (b) and <u>N.J.S.A.</u> 56:3-13.16; federal and state unfair competition under 15 U.S.C. section 1125(a) and <u>N.J.S.A.</u> 56:4-1; and common law trademark infringement

and unfair competition.  As discussed below, Defendants' conduct violates Plaintiff's rights, including under its federally registered "MASTER POOLS" trademarks, and has caused and continues to cause both ascertainable and unquantifiable damages to Plaintiff including, without limitation, irreparable damages to Plaintiff's business reputation and relations.

## PARTIES

2.      Master Pools Guild is a California corporation with its principal place of business at 713 N. Courthouse Road, Suite 201, Richmond, Virginia 23236.

3.      Upon information and belief, defendant Master Pool & Spa, LLC is a New Jersey limited liability company with its principal place of business at 38 Oswego Ave, Oakland New Jersey 07436.

4.      Upon information and belief, John Does 1-10 are fictitious individuals and entities who have participated or assisted in the conduct complained of herein and/or are otherwise responsible for the conduct complained of herein and the damages resulting therefrom.

## JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over all Defendants by virtue of their transaction of business in the State of New Jersey and this District and/or the commission of tortious acts by Defendants within the State of New Jersey and this District, and or the presence of unlawful products in the State of New Jersey and this District.  This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1121, 28 U.S.C. §§ 1331 and 1338, and the doctrine of pendent jurisdiction.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), in that Defendants reside in this District.

## FACTS COMMON TO ALL COUNTS

*The "MASTER POOLS" Trademarks*

7.      Master Pools Guild is the owner of the following U.S. trademark registrations used in connection with the "MASTER POOLS" brand products and services (hereinafter, the "Trademarks"), each of which are incontestable under the provisions of 15 U.S.C. § 1065:

| Mark | Reg. No. | Reg. Date | Class: Goods & Services |
|---|---|---|---|
| MASTER POOLS | 0,777,672 | September 29, 1964 | Class 19: Swimming Pools |
| MASTER POOLS | 0,780,050 | November 10, 1964 | Class 37: Construction of Swimming Pools |
|  | 1,819,211 | February 1, 1994 | Class 37: Construction of Swimming Pools |
|  | 2,551,853 | March 26, 2002 | Class 37: Construction of Swimming Pools and Spas |
|  | 3,241,904 | May 15, 2007 | Class 37: Construction of Swimming Pools and Spas |

8.      Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the goods and services sold under the Trademarks, including through over 110 member craftsmen, with over 90 in the United States and the balance around the world in 11 other countries.

9.      Plaintiff sells its goods and services under the Trademarks utilizing the aforementioned craftsmen in trade channels throughout the United States and, in fact, around the world.   Master Pools Guild advertises its goods and services via its website, http://www.masterpoolsguild.com/.

10.     Plaintiff offers and sells its goods and services under the Trademarks to residential and commercial customers seeking to design or remodel their pools, spas, and/or water features.

11.     The goods and services Plaintiff offers under the Trademarks are of high quality and, as a result of Plaintiff's expenditures and efforts, the Trademarks have come to signify the high quality of the goods and services designated by the Trademarks, and acquired incalculable distinction, reputation, and substantial consumer goodwill belonging exclusively to Plaintiff.

12.     Moreover, the Trademarks are distinctive to both the consuming public and Plaintiff's trade.

*Defendants' Unlawful Conduct*

13.     Upon information and belief, Defendants have been and are in the business of providing swimming pool construction services, and have advertised and sold said services and swimming pools under the brand "Master Pool & Spa" brand products in the United States, including in this District (the "Infringing Products and Services").

14.     Defendants are not authorized to use the Trademarks in connection with their goods or services, nor are defendants affiliated with Plaintiff.

15.     Upon information and belief, at all relevant times, Defendants have had full knowledge of Plaintiff's ownership and exclusive rights in and to the Trademarks and the goodwill associated therewith.

16.     Upon information and belief, Defendants are engaging in their unlawful and infringing conduct knowingly, willfully, and intentionally, or with at least reckless disregard for Plaintiff's rights.

17.     Plaintiff has notified Defendants of their unlawful conduct repeatedly, including by letters sent April 13, 2017 and November 20, 2017, yet Defendants have refused to comply with Plaintiff's demands to cease and desist.  True and correct copies of these letters are attached as Exhibit A and Exhibit B.

18.     Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's good and services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's goods and services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

19.     Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## FIRST COUNT
### (Federal Trademark Infringement Under 15 U.S.C. § 1114)

20.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if same were fully set forth herein.

21.     Defendants' conduct, as aforesaid, is likely to cause confusion, to cause mistake, and/or to deceive the public into mistakenly believing that Defendants are Plaintiff, or

are licensees, authorized distributors, or affiliates of Plaintiff, or that Defendants and their activities are authorized, endorsed, sponsored or approved by Plaintiff, or that Defendants and their activities originate with, are connected with, or are associated with Plaintiff, or vice versa.

22.     Defendants willful conduct, as aforesaid, has caused and is continuing to cause both ascertainable and unquantifiable damages to Plaintiff including, without limitation, damages to Plaintiff's business reputation and relations to which Plaintiff is without an adequate remedy at law.

23.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

<u>SECOND COUNT</u>
**(Federal Unfair Competition Under 15 U.S.C. § 1125(a))**

24.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if same were fully set forth herein.

25.     Defendants' conduct, as aforesaid, is likely to cause confusion, to cause mistake, and/or to deceive the public into mistakenly believing that Defendants are Plaintiff, or are licensees, authorized distributors, or affiliates of Plaintiff, or that Defendants and their activities are authorized, endorsed, sponsored or approved by Plaintiff, or that Defendants and their activities originate with, are connected with, or are associated with Plaintiff, or vice versa.

26.     Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

27.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28.     Defendants willful conduct, as aforesaid, has caused and is continuing to cause both ascertainable and unquantifiable damages to Plaintiff including, without limitation, damages to Plaintiff's business reputation and relations to which Plaintiff is without an adequate remedy at law.

29.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### THIRD COUNT
### (Unfair Competition Under N.J.S.A. 56:4-1)

30.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if same were fully set forth herein.

31.     Defendants' conduct, as aforesaid, constitutes unfair competition in violation of N.J.S.A. 56:4-1, which prohibits the misappropriation and tortious exploitation of another's name, brand, trademark, reputation, or goodwill.

32.     Defendants willful conduct, as aforesaid, has caused and is continuing to cause both ascertainable and unquantifiable damages to Plaintiff including, without limitation, damages to Plaintiff's business reputation and relations to which Plaintiff is without an adequate remedy at law.

## FOURTH COUNT
### (Trademark Infringement Under N.J.S.A. 56:3-13.16)

33.      Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if same were fully set forth herein.

34.      Defendants' conduct, as aforesaid, constitutes trademark infringement in violation of N.J.S.A. 56:3-13.16, which prohibits the unauthorized use of a trademark in connection with the sale, distribution or advertising of any goods or services likely to cause confusion, mistake or deception as to the source of origin of the goods or services, and provides for recovery of treble profits or damages in cases where the Court finds a party committed wrongful acts with knowledge or in bad faith or engaged in egregious conduct.

35.      Upon information and belief, Defendants conduct, as aforesaid, constitute trademark infringement committed with knowledge, bad faith, and egregious conduct in violation of N.J.S.A. 56:3-13.16.

36.      Defendants willful conduct, as aforesaid, has caused and is continuing to cause both ascertainable and unquantifiable damages to Plaintiff including, without limitation, damages to Plaintiff's business reputation and relations to which Plaintiff is without an adequate remedy at law.

## FIFTH COUNT
### (Common Law Unfair Competition)

37.      Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if same were fully set forth herein.

38.      Defendants conduct, as aforesaid, constitutes unfair competition under the common law of the State of New Jersey.

39.     Defendants conduct, as aforesaid, has caused and is continuing to cause, both ascertainable and unquantifiable damages to Plaintiff including, without limitation, damages to Plaintiff's business reputation and relations to which Plaintiff is without an adequate remedy at law.

### SIXTH COUNT
**(Common Law Trademark Infringement)**

40.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if same were fully set forth herein.

41.     Defendants conduct, as aforesaid, constitutes willful trademark infringement under the common law of the State of New Jersey.

42.     Defendants conduct, as aforesaid, has caused and is continuing to cause, both ascertainable and unquantifiable damages to Plaintiff including, without limitation, damages to Plaintiff's business reputation and relations to which Plaintiff is without an adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests relief from this Court as follows:

1.     An Order preliminarily and permanently  enjoining and restraining Defendants, and any and all of their respective parent companies, affiliates, subsidiaries, officers, employees, agents, representatives, members, directors, attorneys, and/or other persons acting on their behalf, from engaging in, offering, or providing goods or services in connection with any word mark that is identical to or confusingly similar with Plaintiff's Trademarks.

2.     An Order preliminarily and permanently  enjoining and restraining Defendants, and any and all of their respective parent companies, affiliates, subsidiaries, officers, employees, agents, representatives, members, directors, attorneys, and/or other persons acting on their

behalf, from importing, marketing, selling or distributing any products bearing the Trademarks in the United States or any foreign country.

3.      An Order preliminarily and permanently  enjoining and restraining Defendants, and any and all of their respective parent companies, affiliates, subsidiaries, officers, employees, agents, representatives, members, directors, attorneys, and/or other persons acting on their behalf, from engaging in any acts of unfair competition and/or deceptive trade practices utilizing any mark that is identical to or confusingly similar with Plaintiff's Trademarks.

4.      An Order causing all labels, packages and products bearing any word mark that is identical to or confusingly similar with Plaintiff's Trademarks to be seized and delivered to Plaintiff for immediate destruction.

5.      An Order: (a) requiring an accounting of Defendants' profits arising from Defendants' unlawful conduct; and (b) awarding all of said profits to Plaintiff as damages sustained by Plaintiff due to Defendants' unlawful conduct as complained of herein.

6.      An Order trebling the award of Defendants' profits and Plaintiff's damages in view of the reckless, willful, and intentional nature of Defendants' conduct.

7.      Statutory and punitive damages.

8.      Prejudgment interest.

9.      Plaintiffs' costs and reasonable attorneys' fees incurred in connection with this action.

10.     Such other and further relief as the Court may deem just and equitable under the circumstances.


Dated: January 18, 2018                    Respectfully submitted,

COLE SCHOTZ P.C.
25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000

By:  __/s/ Michael R. Yellin__
       Michael R. Yellin, Esq.

RUTAN & TUCKER, LLP
Michael Adams (CA State Bar No. 185835)
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:714-641-5100
Facsimile: 714-546-9035
*Pro Hac Vice Pending*
Attorneys for Plaintiff,
Master Pools Cooperative Guild, Inc.

## <u>LOCAL CIVIL RULE 11.2 CERTIFICATION</u>

I hereby declare that the within matter in controversy is not the subject of any other action pending in any court nor the subject matter of a pending arbitration or administrative proceeding and that, to the best of counsel's knowledge, there is no other party who should be joined in this action at this time.  I declare under penalty of perjury that the foregoing is true and correct.


Executed on January 18, 2018

By: */s/ Michael R. Yellin*_____
Michael R. Yellin, Esq.